IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 1/5/2026
TIME: 3:33 pm
INITIALS: [illegible]

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25-cr-20314-SHL |
| | ) | |
| ROBERT HERMAN HARTHEIMER, | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following constitutes the plea agreement reached between the United States, represented by D. MICHAEL DUNAVANT, United States Attorney for the Western District of Tennessee, and LAUREN DELERY, Assistant United States Attorney, and the defendant, ROBERT HERMAN HARTHEIMER, represented by BLAKE BALLIN, defense counsel.

1. ROBERT HERMAN HARTHEIMER agrees:

   a. to enter a voluntary plea of guilty to Counts 1 and 2 of the two-count Information, which charges him in Count 1 with attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), and in Count 2 with coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b).

   b. to knowingly and voluntarily waive his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence of imprisonment is within the applicable guideline range or lower, whatever that range may be. The waiver in this paragraph does not apply to claims relating to prosecutorial

misconduct and ineffective assistance of counsel and is made in exchange for the concessions by the UNITED STATES as set forth in this Plea Agreement;

c. to waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, his right to challenge the voluntariness of his guilty plea either on direct appeal, or in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255;

d. to relinquish any and all rights in the digital device(s) listed in the Notice of Intent to Seek Forfeiture and to consent to the destruction of said items;

e. to pay the mandatory $100 per count special assessment to be imposed pursuant to 18 U.S.C. § 3013 to the United States District Court Clerk upon imposition of the sentence;

f. to comply with the registration requirements of the Sex Offender Registration and Notification Act (SORNA);

g. during any period of supervised release, and pursuant to 18 U.S.C. § 3563(b)(23) and 18 U.S.C. § 3583(d) to submit his person, property, house, residence, vehicles, papers, computer, other electronic communications, or data storage devices to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of his supervised release or any unlawful conduct during the period of supervision, and by any probation officer in the lawful discharge of the officer's supervision functions;

h. that he is satisfied with his attorney's representation; and

i. that he is pleading guilty freely and voluntarily, after having consulted with counsel, and because he is guilty.

2. The UNITED STATES agrees:

   a. to recommend that the defendant receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; and

   b. to recommend a sentence of imprisonment within the guideline range as that range is determined by the Court. This recommendation by the UNITED STATES does not limit HARTHEIMER from arguing for a sentence below the guideline range.

3. HARTHEIMER understands that if the UNITED STATES receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, the UNITED STATES' position on acceptance of responsibility credit could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to U.S.S.G. §3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit or impose a sentence as recommended by the UNITED STATES in this agreement shall not be a basis for HARTHEIMER to withdraw his guilty plea.

4. HARTHEIMER further understands and acknowledges that:

   a. the provisions set forth in this agreement are recommendations only and are not binding on the Court;

   b. the statutory penalties for the offense alleged in Count 1 are a term of imprisonment of not less than fifteen (15) years and not more than thirty (30) years, a fine of not more than $250,000, or both, a period of supervised release of not less than five (5) years up to life, a special assessment of up to $35,000, and a special assessment of $100;

c. the statutory penalties for the offense alleged in Count 2 are a term of imprisonment of not less than (10) years and not more than life, a fine of not more than $250,000, or both, a period of supervised release of not less than five (5) years up to life, and a special assessment of $100;

d. he may be required to register as a sex offender;

e. if his plea of guilty is accepted and he later attempts to withdraw his plea, such attempt will be in breach of this plea agreement. Regardless of whether any such attempt is successful, the UNITED STATES will be relieved of all obligations and restrictions imposed by the terms of this agreement.

6. This Plea Agreement constitutes the entire agreement between the parties.

For the United States:
D. MICHAEL DUNAVANT
UNITED STATES ATTORNEY

_____          1/5/26
LAUREN J. DELERY                         Date
Assistant United States Attorney

_____          1-5-26
BLAKE BALLIN                             Date
Attorneys for Defendant

x _____        1-5-26
ROBERT HERMAN HARTHEIMER                 Date
Defendant

4