**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**UNITED STATES OF AMERICA**

**v.**                                                    **No. 2:25cr20314 SHL**

**ROBERT HARTHEIMER**

---

**POSITION PAPER**

---

Counsel for the defendant certifies that he has complied with L.Cr.R. 32.1 by providing notice of the following objections to the United States Probation Office and to opposing counsel.

Objections to the PSR

On page 8, paragraph 23, Mr. Hartheimer submits to the court that although the commentary to U.S.S.G. 2G2.1(b)(1)(B) suggests a two point increase to his offense level, no actual minor was involved in this offense.   Instead, Mr. Hartheimer was communicating with an Online Covert Employee. Consequently, this enhancement, which is intended to increase punishment based on the age of the victim, has limited application in this instance.

The calculation in paragraph 24 on page 8 also adds two points to the offense level under 2G2.1(6)(B) based on the use of a computer device.   Mr. Hartheimer acknowledges the historical application of this enhancement, and he will further address this issue in his sentencing memorandum. However, despite the historical application of this enhancement. Mr. Hartheimer submits that all but a minuscule number of offenses under 2G2.1 involve the use of a computer device.   Because essentially all offenses covered by this section involve this specific offense characteristic, this factor should be considered as part of the base offense level rather than a factor that warrants a sentencing enhancement.

Mr. Hartheimer has a criminal history score of zero (0) which places him in Criminal History Category I.

Sentencing Table

As now calculated in the pre-sentence report, the offense level is 33. When coupled with

Criminal History Category I this yields a presumptive sentencing range of 136-168

months.   However, in the absence of the enhancements addressed above, the offense level would

be 29 with a sentencing range of 87-108 months.

Defendant maintains that this Court should sentence him considering all sentencing

factors as contained in 18 USC 3553, as well as by granting downward departure requests. These

factors will be addressed in a separate sentencing memorandum to be filed before sentencing.

Respectfully submitted,

/s/Blake D. Ballin, Esq.
BPR # 23491
BALLIN, BALLIN & FISHMAN, P.C.
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103

/s/Cathy Fleming, Esq.
FLEMING RUVOLDT, PLLC
779 Closter Dock Road
Closter, NJ 07624
(201)615-4421

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the
Honorable Sheryl H. Lipman, Lauren Delery, Assistant United States Attorneys and all other
interested parties via ECF/PACER electronic mail this the 20th day of March, 2026.

/s/Blake D. Ballin, Esq.